UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA,**

      v.                                  CR NO.    06-143 (ESH/JMF)

**GUY YOUNG,**

      **Defendant.**

## DETENTION MEMORANDUM

This matter comes before me upon the application of the United States that the defendant be detained pending trial. After a hearing, the government's motion was granted, and this memorandum is submitted to comply with the statutory obligation that "the judicial officer shall—include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

## FINDINGS OF FACT

1. On January 19, 2006, defendant sold 58.4 grams of crack cocaine to a confidential informant for $1800. Both a sound recording device worn by the informant and a video filmed by a surveillance team captured the defendant meeting with the informant.

2. On February 1, 2006, defendant met with the same confidential informant and sold the informant 58.8 grams of crack cocaine for $1800. Both a sound recording device worn by the informant and a videotape captured the transaction, which took place inside defendant's truck.

3.  On February 28, 2006, defendant met with the same confidential informant and sold the informant 60.4 grams of crack cocaine for $1800. Both a button camera and sound recording device worn by the informant captured the defendant walking towards the informant's car to complete the transaction.

4.  On March 29, 2006, defendant met with the same confidential informant and sold the informant 59.9 grams of crack cocaine for $1800. The transaction took place inside informant's car. The car was equipped with sound and video recording devices, which clearly captured the sale of crack cocaine. During the transaction, defendant made reference to "his man," who has a connection with Mexico and is in the process of cutting 20 bricks or 20 kilos.

5.  On April 12, 2006, an undercover police officer met with defendant and agreed to purchase 1.2 grams of crack cocaine for $100. The undercover police officer wore a button camera which captured the transaction.

## REASONS FOR DETENTION

An examination of the factors required to be considered by 18 U.S.C. section 3142(g) compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

## The Statutory Standard

Defendants who are charged with an offense for which a term of imprisonment of 10 years is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951 *et seq.*), or the Maritime Drug Law

Enforcement Act (46 U.S.C. §§ 1901 *et seq.*) are eligible for pretrial detention. 18 U.S.C. § 3142(f)(1)(C). If there is probable cause to believe that the defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in those three statutes, it is presumed that there is no condition or combination of conditions that will reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. § 3142(e). In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer is to consider:

1. The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

2. The weight of the evidence;

3. The history and characteristics of the person, including

    a. His character, physical and mental condition, family ties, employment, financial resources, length of residence in the community and community ties;

    b. Past conduct, history relating to drug or alcohol abuse;

    c. Criminal history;

    d. Record concerning appearance at court proceedings;

    e. Whether, at the time of the current offense or arrest, the person was on probation, parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State or local law;

4. The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142.

An examination of these factors compels the conclusion that there is clear and convincing

evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

**The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.** Defendant was charged with five counts of the sale of crack cocaine in violation of the Controlled Substances Act. The drugs involved are narcotics and the amounts in question are surely of a wholesale quantity.

**Defendant's character, physical and mental condition, family ties, employment, financial resources, and length of residence in the community.** Defendant lives in the D.C. area and is currently unemployed.

**The weight of the evidence.** The weight of the evidence, at this point, is overwhelming. Each of the transactions between the defendant and the confidential informant or undercover police officer were recorded by audio and video equipment.

**History relating to drug or alcohol abuse.** Defendant indicates that on March 31, 2006, he tested negative for drug use.

**Record concerning appearance at court proceedings and prior criminal record.** In 2000, defendant was convicted of a violation of the Bail Reform Act. In 2003, defendant was convicted of contempt.

**Whether on probation or parole at the time of the present offense.** At the time of the present offenses, defendant was on probation for a misdemeanor, which occurred in 2005.

## CONCLUSION

A weighing of all the pertinent facts compels the conclusion that the defendant should be detained pending trial. Electronic evidence captured the defendant's five separate sales of

narcotics to the confidential informant and undercover officer; the defendant has established a pattern of selling crack cocaine in wholesale amounts; the defendant engaged in these transactions while on probation and has twice disobeyed specific judicial orders. Defendant proffered nothing to rebut the presumption of his dangerousness created by the Bail Reform Act. Therefore, I find by clear and convincing evidence that there are no conditions or combination of conditions I could set that would reasonably assure the safety of the community. I will, therefore, order the defendant detained without bond pending trial.

_____
**JOHN M. FACCIOLA**
**UNITED STATES MAGISTRATE JUDGE**

**June 21, 2006**