# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Crim. No. 06-143-ESH |
| | ) |
| GUY YOUNG, | ) |
| Defendant. | ) |

### Government's Memorandum in Aid of Sentencing

The United States of America, by and through the United States Attorney for the District of Columbia, hereby submits this memorandum in aid of sentencing in the above matter.

### Background

On October 27, 2006, defendant Guy Young pled guilty before Magistrate Judge Deborah A. Robinson to count 4 of a four-count indictment, which count charged him with distributing, on or about March 29, 2006, 50 grams or more of cocaine base, also known as crack.[1]  The agreed factual proffer supporting the guilty plea recounted that on March 29, 2006, in the 4900 block of Eads Street, N.E., Washington, D.C., defendant Young intentionally sold 59.9 grams of cocaine base, also known as crack, to another person, in exchange for $1800.

Pursuant to the plea agreement, the government agreed to recommend a three-level downward adjustment pursuant to U.S.S.G. § 3E1.1 for early acceptance of responsibility by the defendant, provided the defendant fully cooperated with the pre-sentence investigation and did not mislead the Court or other authorities

---

[1]This Court accepted the guilty plea on January 26, 2007.

with respect to any sentencing issue,[2] and to allocute for a sentence at the low end of the applicable guideline range of imprisonment.  In addition, the defendant agreed not to seek any departure from the otherwise applicable guideline range of imprisonment.  Finally, the government agreed to dismiss the remaining four counts of the indictment at sentencing.

<u>The Statutory Penalties</u>

Pursuant to 21 U.S.C. § 841(a)(1), the offense the defendant has pled guilty to carries a mandatory minimum prison term of 10 years and a maximum prison term of life, and a maximum fine of $4 million.  The defendant is not eligible for "safety-valve" sentencing under 18 U.S.C. § 3553(f).  Pursuant to 18 U.S.C. § 3583(b), the offense also carries a maximum term of supervised release of five years.  Finally, pursuant to 18 U.S.C. § 3013(a), there is a mandatory special assessment of $100.

<u>The Sentencing Guidelines</u>

As determined by the U.S. Probation Office, the defendant is in Criminal History Category IV and faces a base offense level of 32.  Assuming full credit for acceptance of responsibility, the adjusted offense level in this case is 29.  That yields a guideline range of imprisonment of 121 to 151 months, a guideline

---

[2]As of this writing, the government knows of no reason why the defendant would not qualify for the full three-level downward adjustment.

term of supervised release of 5 years, and a guideline fine range of $15,000 to $4 million.

The Appropriate Sentence

Assuming the government learns of no information that would suggest full credit for acceptance of responsibility was not appropriate, the government recommends the Court sentence the defendant to 121 months in prison, i.e., the low-end of the guideline range of imprisonment, followed by five years of supervised release.  The government takes no position as to the appropriate fine, but notes there is a requirement that the Court impose a $100 special assessment.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY


/s/
by:  _____
Michael C. Liebman
Assistant United States Attorney
D.C. Bar No. 479562
555 Fourth Street, N.W., room 4231
Washington, D.C.  20530
353-2385
michael.liebman@usdoj.gov